10/18/2019 10:06 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37766460
By: Courtni Gilbert
Filed: 10/18/2019 10:06 AM

NO. _____

| | | |
|---|---|---|
| Auto's R US Collision Center, Inc. | * | IN THE DISTRICT COURT |
| VS. | * | OF HARRIS COUNTY, TEXAS |
| Berkshire Hathaway Guard Insurance Companies | * | \_\_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL VERIFIED PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

Comes now Auto's R Us Collision Center Inc., Plaintiff complaining of Berkshire Hathaway Guard Insurance Companies, Defendant herein and for cause of action would show as follows:

1) Plaintiff resides in Harris County, Texas and may be served with notice through the undersigned attorney. For discovery purposes this is a level II case.

2) Defendant, Berkshire Hathaway Guard Insurance Companies, is a foreign company and may be served through its registered agent 211 E 7TH ST STE 620, Austin, TX 78701.

3) Plaintiff hereby serves this request for disclosure as set forth in section 194 of the Texas Rules of Civil Procedure.

## JURISDICTION AND VENUE

4) This Court has jurisdiction in that the damages Plaintiff seeks are within the jurisdictional limits of this Court.

5) Venue is proper in Harris County, Texas in that the events that give rise to this action occurred in Harris County.

1

**EXHIBIT C**

## FACTS

6) On 1/12/18, Plaintiff entered into a property coverage agreement with the Defendant for its auto service and storage business located at 11101 Wallisville Rd., Houston TX. 77013. This policy was renewed for 2019 (2019 Policy Coverage Contract and Insurance Card attached and incorporated by reference as Exhibit A).

7) In May of 2019 the Plaintiff's business suffered a hail storm that caused damage to both the physical building and its surrounding structures. Further, most of the vehicles on the property were damaged due to hail as well.

8) Immediately after the storm Plaintiff filed claim with its insurance provider, the Defendant, and provided an estimate for the damage repairs to its 21,000 square foot building in excess of $200,000.00 (estimate for building repair attached and incorporated by reference as Exhibit B).

9) Despite providing all information requested, Defendant sent its own appraiser and determined the damage was only in the amount of $7,225.40 which was considered to be less than the Plaintiff's deductible $30,534.28 and consequently Plaintiff would get nothing for its claim (insurance response attached and incorporated by reference as Exhibit C).

10) However, the initial estimate of damage made by the Defendant was incorrect and did not account for the damage to the building, surrounding structures, fencing, A/C units, vehicles, and loss of business claimed by the Plaintiff.

11) Additionally, Defendant has yet to respond to claims for damages related to business loss of use and vehicle damage also covered by the policy (log of vehicle damage done attached and incorporated by reference as Exhibit D).

## COUNT 1 NEGLIGENCE

12) The elements of a Negligence cause of action are 1) duty owed by defendant to plaintiff; 2) a breach of that duty; 3) the proximate cause of the plaintiff's damages by defendant's breach; and 4) the Plaintiff suffered damages. Rodriguez-Escobar v. Goss, 392 S.W.3d 109, 113 (Tex. 2013).

13) Defendant failed to properly identify the full damages to the Plaintiffs property and vehicles upon initial inspection. Due to this failure, Defendant was negligent in its handling of this matter. The Defendants negligence has caused the Plaintiff to be unable to use and enjoy his property as a result of the hail damage since May of 2019. Further, the Defendant has been obstructive in allowing the Plaintiff to properly resolve the claim as Defendant has arbitrarily "closed" the claim without allowing a full and fair evaluation to proceed. The Plaintiff was harmed and never made whole due to the actions of the Defendants non-repair and non-payment in this cause.

## COUNT 2 BREACH OF CONTRACT

14) The elements of a breach of contract claim are: 1) existence of a valid contract; 2) performance or tendered performance by the plaintiff; 3) material breach by the defendant; and 4) damages sustained by the plaintiff as a result of that breach. *Paragon Gen. Contractors, Inc. v. Larco Constr., Inc.*, 227 S.W.3d 876, 882 (Tex. App.--Dallas 2007, no pet.)

15) Defendant is in violation of Section 541 of the Texas Insurance Code for "failing to attempt in good faith to effectuate prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear. Here, the insurance company has breached their agreement as it has refused to make the Plaintiff whole despite the Plaintiff

3

EXHIBIT C

making good on his contractual commitments with Defendant. The insurance contract provides for general liability coverage and other coverage that the Defendant has not properly honored in this case and thus, Defendant is in breach.

## COUNT 3 DECEPTIVE TRADE PRACTICE ACT

16) Defendant has engaged in deceptive trade practices and solicited Plaintiff's business in an attempt to collect compensation without being willing to cover Plaintiff's damages. In addition to being in violation of Section 541 of the Texas Insurance Code Defendant is also in violation of section §17.46(13) of the Texas Business and Commerce Code, which states a violation occurs when an offender knowingly makes false or misleading statements of fact concerning the need for parts, replacement, or repair service. Plaintiff contends that the Defendant knew or should have known that the building and vehicles were damaged beyond what was reported in the initial estimate. To date Defendant has not made an attempt to address the other outstanding claims for vehicle damage and loss of business. This tactic was used to ensure the Defendant would only have to pay the minimal amount possible instead of totaling the damage done by hail based upon a proper inspection. Such action by the Defendant constitutes a gross violation of the consumer protections provided by the Texas Deceptive Trade Practice Act.

## COUNT 4 FRAUD

17) The elements of fraud state that (1) a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion;

4

EXHIBIT C

(4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. Aquaplex, Inc. v. Rancho La Valencia, Inc. 297 S.W.3d 768, 774 (Tex. 2009).

18) Defendant made representations that Plaintiff's property would be properly covered and repaired in the event of hail damage. The policy limits in Exhibit A show an amount to be paid up to $1,526.714.00 under building coverage. Yet, Defendant has ignored multiple portions of the claim and denied the larger repair costs of the claim despite Plaintiff's willingness to pay for the over 30k deductible out of pocket. Defendant's later actions constitute fraud in that Defendant had no intention of paying for the full damages despite their contractual agreement to the contrary.

19) Defendant provided Plaintiff an insurance agreement that was not honored, and further have damaged the Plaintiff by fabricating excuses in order to keep Plaintiff from their legally entitled recovery. To date, the Plaintiff has been responsive to the requests of the insurance carrier and has continued to pay the monthly premiums despite the Defendant's failure to cover Plaintiff's damages.

## PRAYER

Wherefore Plaintiff prays that Defendant be cited to appear and answer herein and that upon final hearing, Plaintiff be awarded their actual damages, interest, cost of court, attorneys fees, and such other relief as they may show themselves entitled.

Respectfully submitted,
/s/ Erik Wilson
Texas State Bar No. 24085661

5

EXHIBIT C

Erik Wilson and Associates
2245 Texas Drive, Suite 300
Sugar Land, Texas 77479
(281) 566-2535 Telephone
Erik@erikwilsonlaw.com

ATTORNEY FOR PLAINTIFF

# VERIFICATION

STATE OF TEXAS §
§
COUNTY OF HARRIS §

On the 16th day of October, 2019 before me, the undersigned Notary Public, personally appeared Jerry Palmer, who by me duly sworn on his oath deposed and said that he has read the above and foregoing Verified Pleas section and that the statements contained herein are within her personal knowledge and are true and correct.

_____
Jerry Palmer

SUBSCRIBED AND SWORN TO BEFORE ME THIS 16 day of October, 2019 to certify which witness my hand and seal of office.

_____
Notary Public in and for the State of Texas

[Notary Seal: SANDRA SANCHEZ, NOTARY PUBLIC, STATE OF TEXAS, ID 14487592, EXP. 03-07-2021]

Unofficial Copy Office of Marilyn Burgess District Clerk

7

**EXHIBIT C**